# FIDELITY MUTUAL LIFE INSURANCE COMPANY
## *v.* BROWN.

---

JUDGMENT; DISCONTINUANCE; AFFIDAVITS.

The entry of a judgment for the plaintiff for the difference between a set-off, covering only a part of the plaintiff's demand, claimed by

the defendant and the amount claimed by the plaintiff, and the satisfaction by the defendant of such judgment, do not entitle the defendant to an order discontinuing the plaintiff's action as to the residue of his claim; and it is immaterial that the plaintiff in moving for such judgment asks for judgment for the sum admitted to be due in the defendant's affidavit of defense. (Construing sec. 1567, D. C. Code [31 Stat. at L. 1423, chap. 854], citing *Boogher* v. *Byers,* 10 App. D. C. 419, and distinguishing *Overland Washington Motor Co.* v. *Alexander,* 43 App. D. C. 282.)

No. 2975. Submitted December 4, 1916. Decided January 2, 1917.

HEARING on an appeal (specially allowed) from an order of the Supreme Court of the District of Columbia denying a motion by the defendant for an order of discontinuance of an action *ex contractu.*          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal from an interlocutory order in the supreme court of the District denying appellant's motion that suit be discontinued.

The appellee, John S. Brown, brought suit against the appellant, the Fidelity Mutual Life Insurance Company (the parties hereinafter called plaintiff and defendant), and thereupon, on December 10, 1915, the defendant filed five pleas and an affidavit of defense. In one of its pleas it admitted that it was indebted to the plaintiff in the sum of $948.95, or the difference between $1,592 claimed as a set-off and $2,540.95, the amount of plaintiff's claim. In the affidavit of defense the same admission of indebtedness to the plaintiff was made. Thereupon, on December 20, 1915, plaintiff filed a motion for judgment under the 73d rule, which motion being denied, plaintiff, on January 17, 1916, filed a motion entitled, "Motion for Judgment under Section 1567, D. C. Code [31 Stat. at L. 1423, chap. 854]." In this motion judgment was prayed "for $948.95, admitted in defendant's affidavit of defense to be due to plaintiff," etc. On January 22d, following, judgment was entered as prayed. Thereafter, on January 25th, the plaintiff joined issue and

notified counsel for the defendant that the case would be tried at the next term of court. On February 1st, following, or approximately one week after the notice to counsel for defendant of the joinder of issue, judgment for the amount admitted to be due, with interest and costs, was entered satisfied. Thereafter, on April 10th, the defendant moved a dismissal of the action, upon the ground that the judgment is a bar to further recovery.

*Mr. Gibbs L. Baker, Mr. Charles Colden Miller,* and *Mr. Sidney F. Taliaferro* for the appellant:

1. The rendition of judgment on motion or any summary proceedings being in derogation of the common law, the statute authorizing it must be strictly pursued and the judgment must show on its face all facts necessary to give jurisdiction and to support the judgment. 23 Cyc. 77; *Arthur* v. *State,* 22 Ala. 61; *Floyd* v. *Black,* Litt. Sel. Cas. 11; *Rucker* v. *Moore,* 1 Heisk. 219; *Haynes* v. *Gates,* 2 Head, 598; *Cannon* v. *Wood,* 2 Sneed, 177; *Barry* v. *Patterson,* 3 Humph. 313; *Jones* v. *Read,* 1 Humph. 335; *Garner* v. *Carroll,* 7 Yerg. 365; *Hamilton* v. *Burrum,* 3 Yerg. 335.

2. The caption or title at the head of a pleading is not a part of it, and cannot make the pleading what it is not. *United States* v. *Palmer,* 16 U. S. 610; *Stone* v. *Ches. & C. Invest. Co.* 15 App. D. C. 585; *Re Clary,* 112 Cal. 295; *West Chicago Park Commission* v. *Schellinger,* 117 Ill. 525; *Patterson* v. *State,* 10 Ind. 296; *Thompson* v. *Voss,* 16 Ind. 297; *Charlotte, C. & A. R. Co.* v. *Gibbes,* 23 S. C. 370.

3. The right given to a plaintiff by section 1567 of the D. C. Code can be exercised only by appropriate action on his part, and, unless so exercised, it profits him nothing. The statute does not provide that a judgment shall be entered for the part not controverted in the defendant's plea of set-off, but only that it may be. It is not in conflict with the 73d rule, and therefore a party is entitled to base his action on that rule if he so desires. Whether intentionally or not, that is exactly what the appellee did. It is not in the province of this court to

alter the plain intent and meaning of a step taken and acted upon in the trial court, or to provide a remedy for the negligence or mistake of counsel. *Beloit* v. *Morgan,* 7 Wall. 622.

4. There were other pleas filed by the defendants which denied any liability to the plaintiff, and it is at least questionable whether a judgment could have been properly rendered for the plaintiff purely on the pleadings and without reference to the affidavit of defense or reliance upon the 73d rule.

*Mr. Frank E. Elder* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Section 1567 of the Code [31 Stat. at L. 1423, chap. 854] reads as follows:

"Sec. 1567. Set-off As to Part.—If the defendant's plea of set-off covers or applies to only part of the plaintiff's demand judgment may be forthwith rendered for the part not controverted and the costs accrued until the filing of the plea, and the case shall be proceeded with for the residue as if the part for which judgment was rendered had not been included therein."

It at once becomes apparent that had the plaintiff, in the body of his motion of January 17, 1916, alluded to the defendant's plea proper instead of to the supporting affidavit of defense, no question could possibly be raised as to his right to take a judgment for the amount admitted to be due, without prejudice as to the balance. The defendant relies upon *Overland Washington Motor Co.* v. *Alexander,* 43 App. D. C. 282. In that case the sole plea of the defendant was an affidavit of defense, and no question was raised as to the applicability of section 1567. The difference between the two cases, therefore, is quite apparent. In *Boogher* v. *Byers,* 10 App. D. C. 419, this court sustained a judgment under the 73d rule "for want of proper affidavit to the pleas, as required by the rule." It was held that to prevent judgment all pleas must be supported by affidavit. It is apparent, therefore, that under the ruling in

that case the affidavit of defense is a part of the pleas, and where, as here, the same amount is admitted to be due in the pleas proper, it is quite immaterial whether the plaintiff refers to the one or the other in his motion for judgment for the amount admitted to be due. Since, under section 1567 of the Code, the plaintiff was entitled to a judgment for the amount admitted to be due, we fail to perceive wherein the defendant was prejudiced in any way by what was done.

Some question is attempted to be made concerning the taxation of costs and the allowance of attorney's fee, but, as the record fails to show that these questions were raised in the trial court, they will not be noticed here.

The decision is affirmed, with costs.        *Affirmed.*